1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                            EASTERN DISTRICT

10                        SACRAMENTO DIVISION

| | |
|---|---|
| 11  In Re: PAYLESS SHOESOURCE, INC., CALIFORNIA SONG-BEVERLY CREDIT | Case No. 09-MD-02022 FCD (GGH) |
| 12  CARD ACT LITIGATION | **ORDER GRANTING PRELIMINARY** |
| 13  (This document relates to ALL ACTIONS) | **APPROVAL OF CLASS SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION** |
| 14 | |
| 15 | Judge:        Hon. Frank C. Damrell, Jr. Location:    Courtroom 2 |
| 16  MICHAEL SWANEY, on behalf of himself and others similarly situated, | Case No. 08-CV-02672 FCD (GGH) |
| 17 | |
| | Plaintiff, |
| 18 | |
| | v. |
| 19 | |
| | PAYLESS SHOESOURCE, INC., a Missouri |
| 20  corporation; and DOES 1 through 50, inclusive, | |
| 21 | |
| | Defendants. |
| 22 | |
| | JESSICA R. CLARK, individually and on | Case No. 09-CV-01040 FCD (GGH) |
| 23  behalf of all others similarly situated, | |
| 24 | Plaintiff, |
| 25 | v. |
| 26  PAYLESS SHOESOURCE, INC.; and DOES 1 through 100 inclusive, | |
| 27 | |
| | Defendants. |

28

**ORDER GRANTING PRELIM. APPROVAL
OF CLASS SETTLEMENT & PROV. CLASS
CERT.**

1    This matter is before the court on plaintiffs Michael Swaney's and Jessica Clark's

2 unopposed motion for preliminary approval of class settlement and provisional class certification

3 under Rule 23(e) of the Federal Rules of Civil Procedure.  The court reviewed the motion,

4 including the Settlement Agreement and Release ("Agreement").  Based on this review and the

5 findings below, the court finds good cause to grant the motion.

6 **FINDINGS:**

7    1.    The Agreement is fair, reasonable, and adequate;

8    2.    The Full Notice, Summary Notice, Store Notice, Tear Away Pad, and Claim Form

9 (attached to the Agreement) comply with due process because the notices and form are

10 reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the

11 proposed settlement, and (iii) their rights, including the right to either participate in the

12 settlement, exclude themselves from the settlement, or object to the settlement;

13    3.    The Class (defined below) is so numerous that joinder of all Class members is

14 impracticable;

15    4.    The claims of Michael Swaney and Jessica Clark ("Plaintiffs") are typical of the

16 Class' claims;

17    5.    There are questions of law and fact common to the Class, which predominate over

18 any questions affecting only individual Class members; and

19    6.    Class certification is superior to other available methods for the fair and efficient

20 adjudication of the controversy.

21 **IT IS ORDERED THAT:**

22    1.    **Settlement Approval**.  The Agreement, including the Full Notice, Summary

23 Notice, Store Notice, Tear Away Pad, and Claim Form, attached to the Agreement as Exhibits B

24 through F are preliminarily approved.

25    2.    **Provision of Class Notice**.  Defendant Payless ShoeSource, Inc. ("Payless") will

26 notify class members of the settlement in the manner specified under Paragraph 3.3 of the

27 Agreement and will pay all costs associated with class administration and providing notice to

28 Class Members.  No later than seven (7) calendar days before the filing date of Plaintiffs'

Case 2:08-cv-02672-FCD-GGH   Document 42   Filed 06/21/10   Page 3 of 5

1  application or motion in support of the Final Approval Order and Judgment, Defendant is to

2  provide Plaintiffs with a declaration or declarations confirming that the notice has been provided

3  in accordance with paragraph 3.3 of the Agreement.

4         3.    **Claim for Merchandise Certificate**.  Class Members who want to receive a $10

5  Merchandise Certificate under the Agreement must accurately and completely fill out a Claim

6  Form and submit it through the Internet website maintained by the Claims Administrator or by

7  facsimile or U.S. mail to the Claims Administrator no later than ninety (90) calendar days from

8  when Payless begins to provide notice to the class as provided in Paragraph 2 of this Order.  The

9  delivery date for the Claim Form is deemed to be the date (a) the form is deposited in the U.S.

10  Mail as evidenced by the postmark, in the case of submission by U.S. mail, or (b) in the case of

11  submission by facsimile or through the Settlement Website, the date the Claims Administrator

12  receives the Claim Form, as evidenced by the transmission receipt.

13         4.    **Request to Opt Out of Marketing Communications**.  Class Members who want

14  to cease receiving marketing communications from Payless must check the appropriate box on the

15  Claim Form.

16         5.    **Objection to Settlement**.  Class members who want to object to the Agreement

17  must file a written objection and/or a Notice of Intention to Appear with the Court, and serve

18  copies on Class Counsel and Defendant's Counsel no later than seventy-five (75) calendar days

19  from when Defendant provides notice to the Class as provided in Paragraph 2 of this Order.  The

20  Objection must state:  (a) the name of the Action and case number, "*In re Payless ShoeSource,*

21  *Inc., California Song-Beverly Credit Card Act Litigation,* Case No. 09-MD-02022-FCD (GGH),"

22  (b) the full name, address, and telephone number of the person objecting, (c) a statement that the

23  person is a Class Member; (d) the words "Notice of Objection" or "Formal Objection," (e) in

24  clear and concise terms, the legal and factual arguments supporting the objection; and (f) whether

25  the person intends to appear to speak at the Fairness Hearing.  The objection will not be valid if it

26  only objects to the lawsuit's appropriateness or merits.

27         6.    **Failure to Object to Settlement.**  Class members who fail to object to the

28  Agreement in the manner specified above will: (a) be deemed to have waived their right to object

-2-  **ORDER GRANTING PRELIM. APPROVAL OF CLASS SETTLEMENT & PROV. CLASS CERT.**

1    to the Agreement; (b) be foreclosed from objecting (whether by a subsequent objection,

2    intervention, appeal, or any other process) to the Agreement; and (c) not be entitled to speak at

3    the Fairness Hearing.

4           7.      **Requesting Exclusion**.   Class members who want to be excluded from the

5    settlement must send a letter or postcard to the Claims Administrator stating  (a) the name of the

6    Action and case number, "*In re Payless ShoeSource, Inc., California Song-Beverly Credit Card*

7    *Act Litigation,* Case No. 09-MD-02022-FCD (GGH)," (b) the full name, address, and telephone

8    number of the person requesting exclusion, and (c) a statement that the person is a Class member

9    and wishes to be excluded from the Class, postmarked no later than seventy-five (75) calendar

10   days from when Defendant provides notice to the class as provided in Paragraph 2 of this Order.

11   Defendant is to provide the Parties a list of Class members who have timely and validly excluded

12   themselves from the Class no later than seven (7) calendar days before the filing date for

13   Plaintiffs' unopposed motion in support of the Final Approval Order and Judgment.

14          8.      **Provisional Certification**.   The Class is provisionally certified as a class of all

15   persons who between January 1, 2008 and the date of entry of this Order purchased merchandise

16   from a Payless ShoeSource, Inc. store in the State of California, used a credit card to make the

17   purchase(s), and whose personal identification information, including, but not limited to, any

18   telephone number, was requested and recorded by Payless.

19          9.      **Appointment of Class Representative and Class Counsel**.  Plaintiffs Michael

20   Swaney and Jessica Clark are conditionally certified as the Class Representatives to implement

21   the Parties' settlement in accordance with the Agreement.  Stonebarger Law, APC, Harrison,

22   Patterson & O'Connor LLP, and the Linde Law Firm are appointed as co-Class Counsel.

23   Plaintiffs and Class Counsel must fairly and adequately protect the Class's interests.

24          10.     **Termination**.  If the Agreement terminates for any reason, the following will

25   occur:   (a) Class certification will be automatically vacated; (b) Plaintiffs will revert to

26   functioning as putative class representatives as if no class had been certified; and (c) this Action

27   will revert to its previous status in all respects as it existed immediately before the Parties

28

-3-                           **ORDER GRANTING PRELIM.
APPROVAL OF CLASS SETTLEMENT &
PROV. CLASS CERT.**

1  executed the Agreement.  This Order will not waive or otherwise impact the Parties' rights or

2  arguments.

3      11.    **No Admissions.**  Nothing in this Order is, or may be construed as, an admission or

4  concession on any point of fact or law by or against any Party.

5      12.    **Fairness Hearing**.  On **December 3 2010, at 10:00 a.m.,** this Court will hold a

6  Fairness Hearing to determine whether the Agreement should be finally approved as fair,

7  reasonable, and adequate.  All supporting papers must be filed no later than seven (7) calendar

8  days before the Fairness Hearing.  This Court may order the Fairness Hearing to be postponed,

9  adjourned, or continued.  If that occurs, Defendant will not be required to provide additional

10  notice to class members.

11

12  DATED: June 21, 2010

13  _____
    FRANK C. DAMRELL, JR.

14      UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER GRANTING PRELIM.**
-4-     **APPROVAL OF CLASS SETTLEMENT &**
        **PROV. CLASS CERT.**
